# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX LOPEZ, JR., | CASE NO. 1:95-cv-05947-LJO-YNP PC |
| Plaintiff, | ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| v. | (Doc. 206) |
| G. A. SMITH, et al., | |
| Defendants. | |

Plaintiff Max Lopez, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 14, 2009, Plaintiff filed a motion requesting the Court to enforce the settlement agreement reached between Plaintiff and Defendants. (Doc. #206.)

On December 30, 2008, Defendants submitted a notice to the Court indicating that the parties had reached a settlement in this matter. (Doc. #200.) On February 18, 2009, the parties submitted a stipulation for voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. #203.) The stipulation made no reference to any settlement agreement. On February 19, 2009, an order was entered dismissing this action with prejudice pursuant to the stipulation. (Doc. #204.) The order made no reference to any settlement agreement and the order did not expressly retain jurisdiction to enforce any settlement agreement.

On July 14, 2009, Plaintiff filed a motion requesting the Court to enforce the settlement. (Doc. #206.) Plaintiff claims that pursuant to the settlement agreement, Defendants agreed to pay Plaintiff $70,000. Defendants have not yet paid Plaintiff. Plaintiff alleges that Defendants told

1

Plaintiff that he would receive the settlement money within six to eight weeks. On August 14, 2009, Defendants filed a response to Plaintiff's motion. (Doc. #207.) Defendants argue that the Court lacks jurisdiction to enforce the settlement agreement. Defendants explain that Plaintiff has not yet received the money because of the fiscal crisis in California and the Legislature's delay in approving a state budget.

The Court finds Defendants' reasoning to be persuasive. "[F]ederal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit." O'Connor v. Colvin, 70 F.3d 530, 531-32 (9th Cir. 1995) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994)). The exception to this rule is that federal courts are authorized to embody a settlement contract in the dismissal order and thereby retain jurisdiction over the settlement contract if the parties agree: "If the dismissal order incorporates the settlement terms . . . a violation of those terms would amount to a violation of the court's order. The court would then have ancillary jurisdiction to 'vindicate its authority.'" Id. at 532 (quoting Kokkonen, 511 U.S. at 380).

Here, neither the stipulation of voluntary dismissal nor the Court's order dismissing this case made any reference to the settlement agreement. Therefore, the Court did not incorporate the terms of the settlement agreement in its order dismissing this action. Plaintiff has not alleged any facts that would otherwise justify federal jurisdiction over the settlement dispute.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to enforce the settlement agreement, filed on July 14, 2009, is DENIED.

IT IS SO ORDERED.

**Dated: February 4, 2010**        /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE